UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **IFG PORT HOLDINGS LLC** | : | **CIVIL ACTION NO:** 2:19-CV-00835 |
| **VERSUS** | | |
| **UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY DESIGNATED B0180PCF183293 BEARING POLICY NO. B0180QPC1801898; and R-T SPECIALTY, LLC; ET AL** | : : | **JUDGE** _____ **MAGISTRATE JUDGE** _____ |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes IFG PORT HOLDINGS LLC, which respectfully represents as follows:

### THE PARTIES

1.

Plaintiff IFG PORT HOLDINGS LLC, (hereinafter referred to as "IFG" or "Insured"), is a New York Limited Liability Company with its principal place of business located New York, New York.

2.

The following are made Defendants herein, in the following categories: (A) Insurers (B) Brokers.

A. **Insurers**

    i.   **Underwriters at Lloyd's, London** is licensed to sell insurance in Louisiana with the Louisiana Department of Insurance as "Underwriters at Lloyd's, London

("LOL"). Its registered agent for service of process is the Louisiana Secretary of State.

ii. This suit is also specifically brought against those **Underwriters at Lloyd's, London Subscribing to the Policy Designated as B0180PCF183293 Bearing Policy No. B0180QPC1801898**. As to all the actual Insurers under the policy, a tolling agreement has been entered into, and in this contract it is further agreed that the Insurers <u>authorize James A. Saville, Jr. of the law firm of Hill Rivkins LLP, 45 Broadway, Suite 1500, New York, New York 10006, to accept service of process for all of the Insurers as identified or described in said contract</u>. A copy of the "Notification of Security" attached as Exhibit A hereto specifies and identifies who the Insurers represent to be a complete list of underwriters subscribing to the policy at issue. That list of underwriters is fully incorporated herein by reference. The insurers described herein are also being referred to generally as LOL. However, the arrangements made through Mr. Saville solely concern the insurers covered within this Paragraph, not Paragraph 2.A.i.

B. **Brokers**

i. **RKH Specialty Limited ("RKH")**, who, upon information and belief, is part of the Hyperion Insurance Group registered in England and Wales under company registration number 7142031, and has its Registered Office at One Creechurch Place, London EC3A 5AF. RKH is a broker of insurance for policies written by "Underwriters at Lloyd's, London ("LOL"). RKH is not registered to do business in the State of Louisiana and has not identified an agent for service of process herein with the Louisiana Secretary of State. According to the Claims Procedure published

      by LOL, lawsuits arising from policies written by LOL underwriters may be served upon: Mendes & Mount, 750 Seventh Avenue, New York, NY 10019.

  ii.  **R-T Specialty, LLC ("RTS"),** who is registered to conduct business in Louisiana, and who, upon information and belief, is also part of the Hyperion Insurance Group. Its registered agent for service of process is C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, Louisiana 70816.

  iii.  **Hyperion Insurance Group ("Hyperion")**, whose address is One Creechurch Place, London, EC3A 5AF, United Kingdom. Hyperion is not registered to do business in the State of Louisiana and has not identified an agent for service of process herein. According to the Claims Procedure published by LOL, lawsuits arising from policies written by LOL underwriters may be served upon: Mendes & Mount, 750 Seventh Avenue, New York, NY 10019.

3.

Based in New York, New York, IFG operates and maintains an export grain terminal at the Port of Lake Charles in Lake Charles Louisiana. IFG owns the IFG Export Grain Terminal ("Facility") located at the Port of Lake Charles. The Facility is located 150 Marine Street, Lake Charles, LA.

**JURISDICTION AND VENUE**

4.

This Court has subject matter jurisdiction over this matter based upon federal question jurisdiction. Specifically, 28 U.S.C.A. § 1333, which provides for any civil case of admiralty or maritime jurisdiction. Jurisdiction also may be appropriate based upon complete diversity of citizenship under 28 U.S.C.A § 1332.

5.

Venue is proper under 28 U.S.C.A. §1391 as the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, and where a substantial part of the property that is the subject of the action is situated.

**BACKGROUND**

6.

A fire and explosion occurred ("Incident") at the Facility on June 28, 2018.

7.

LOL provides insurance coverage to IFG relating to loss for any "stock". The Policy number is B018QPC1801898. The policy limit is $20 million for each and every loss for product in "Storage" and $20 million for each and every loss for product in "Transit".

8.

On June 28, 2018, the Incident was reported to LOL by IFG's insurance broker, First Federal Insurance.

9.

On June 29, 2018, Mr. Chase Watson, introducing himself as working for Vericlaim and representing LOL, arrived at the Facility and met with Mr. Kabir Ahmad, IFG's CEO, and began investigating the claim. Prior to leaving the Facility, Mr. Watson indicated that IFG could expect to receive payment from LOL to compensate it for the damaged stock within approximately a week.

10.

On July 10, 2018, IFG additionally sent a detailed report of all the stock at the Facility in the silos and in railcars ("Report"). This Report was provided to LOL in order to transparently

provide a full assessment of all stock at the Facility during the time of the Incident, in case any of the stock was ultimately determined to have been damaged or its quality negatively impacted.

11.

IFG and its insurance agent have regularly followed up with LOL on the (lack of) payment to IFG. No satisfactory response for the failure to pay the claim in accordance with the policy has been received, despite numerous inspections, investigation, and IFG's continued availability for any further testing, inspections, or other investigation.

12.

When various representatives of the brokers and insurers, acting primarily through RKH and/or RTS, began refusing to identify exactly who they represent or not, the scope of their respective roles, and who would confirm authority to speak for those persons responsible for timely paying all valid claims under the subject Policy, and instead tried to move the claims resolution process back to square one, IFG refused to answer further questions from those representatives until their own reasonable questions had been addressed.  Apparently, this resulted in a stalemate. IFG did not in any way act in bad faith in asking reasonable questions and expecting good faith, accurate answers that were not provided.

13.

The policy itself is the best evidence of coverage. The claims for damages include, at a minimum, the following:

| Stock Damaged/ Approx.Vol | Extra Expenses | Description | Approx.Value |
|---|---|---|---|
| Soybeans [2,300 MT] | | Contracted Sale Value | $750,000 |
| Wheat [3,000 MT] | | Contract Value @ purchase | $960,000 |
| Corn [8,000 MT] | | Contract Value @ purchase | $1,600,000 |
| | Extra Expenses Claims | Extra Expenses | $2,800,000 |

| | Cost of Soybean Removal | Cost of operations to remove soybeans from silo. | $530,000 |
|---|---|---|---|
| | Cost of Soybean Disposal | Approximate | $180,000 |
| | Legal Costs | TBD | TBD |
| | Accrued Interest | @ 9% | $148,000 |
| | Delay Damages | Delays in repairs to the facility and resulting lost business due to LOL delaying claim payment and recovery operations in bad faith. | $6,000,000 |
| | | **TOTAL** | **$12,968,000** |

These damage calculations could certainly increase to include attorneys' fees, costs, treble damages, and delay damages pursuant to any state or federal laws.

14.

IFG specifically reserves all its rights, without limitation, to amend and/or supplement its Complaint to more specifically allege a claim for what conduct, if any, may constitute bad faith handling of the claim and/or substantially misleading and deceptive conduct occurring at any time since the notice of claim was provided to any of the Defendants, pending further investigation and discovery in this matter.

15.

Although IFG believes that there is ample time remaining to file suit on any of its stated or potential claims within all applicable statutes of limitation, this lawsuit is being filed at this time primarily to avoid what problems, if any, might be caused by not filing suit within one year of the Incident.

**RELIEF REQUESTED**

16.

IFG is entitled to the following relief which it respectfully requests this court grant after due proceedings:

a. Declaratory relief finding that the claimed damages are covered under the policy

b. Monetary damages as identified in this complaint.

c. Other damages as may be appropriate and proven at trial including, but not limited to, delay damages and consequential damages; and

d. Attorney Fees and costs.

WHEREFORE, IFG PORT HOLDINGS, INC., prays that after due proceedings had, there be judgment herein in favor of Plaintiff and against Defendants, UNDERWRITERS AS LLOYD'S, LONDON SUBSCRIBING TO THE POLICY DESIGNATED AS B0180PCF183293 BEARING POLICY NO. B0180QPC1801898; UNDERWRITERS AT LLOYD'S, LONDON; RKH SPECIALTY LIMITED; R-T SPECIALTY, LLC; and HYPERION INSURANCE GROUP on all claims asserted herein, at their costs.

PRAYS FURTHER for all orders and decrees necessary in the premises and for full, general and equitable relief.

Respectfully submitted,

STOCKWELL, SIEVERT, VICCELLIO,
 CLEMENTS & SHADDOCK, L.L.P.


BY:  s/William B. Monk
WILLIAM B. MONK (#09551)
STEPHEN D. POLITO (#32638)
KATHLEEN T. DEANDA (#35746)
127 W. BROAD ST.
CHASE BANK BLDG., 4TH FL.
LAKE CHARLES, LA  70601
PHONE: (337) 436-9491
FAX: (337) 493-7210

At*torneys for IFG Port Holdings, LLC*