UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **IFG PORT HOLDINGS, LLC** | **CIVIL ACTION NO. 2:19-CV-00835** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **UNDERWRITERS AT LLOYDS, et al** | **MAG. JUDGE KATHLEEN KAY** |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment [Doc. No. 59], filed by Defendant Hyperion Insurance Group Limited n/k/a Howden Group Holdings Limited ("HIG"). An Opposition [Doc. No. 63] was filed by Plaintiff IFG Port Holdings ("IFG") on March 16, 2021, and a Reply [Doc. No. 67] was filed by HIG on March 19, 2021.

For the reasons set forth herein, HIG's Motion for Summary Judgment is GRANTED.

**I.   BACKGROUND**

On June 28, 2019, IFG filed a Complaint [Doc. No. 1] against Underwriters at Lloyds, London ("LOL") RKH Specialty Limited ("RKH"), R-T Specialty, LLC ("RTS") and Hyperion Insurance Group ("Hyperion").  IFG amended the Complaint by a First Amended Complaint [Doc. No. 53].  In the First Amended Complaint, more detailed allegations were made against the four Defendants, and additional Defendants alleged to be underwriters ("Underwriters") to the LOL policy of insurance were also named.

IFG operates and maintains an export grain terminal at the Port of Lake Charles in Lake Charles, Louisiana, known as the IFG Export Grain Terminal ("Terminal").  This is a suit for damages as a result of a fire and explosion on June 28, 2018. The fire allegedly caused damage to stock, which included soybeans, wheat, and corn.

IFG alleged that LOL wrote a policy of insurance, which provided coverage for losses by IFG to stock at the IFG Terminal. Additionally, IFG alleges that RKH, RTS and Hyperion are Brokers with regard to the LOL policy of insurance. The specific allegations against RKH, RTS and Hyperion are set forth in paragraph 14 of IFG's First Amended Complaint as follows:

> The 'Brokers' are named defendants herein to the extent they participated, or should have participated, in the claim at issue herein, and/or acted as representatives of LOL and/or Underwriters.

One of the Brokers, Hyperion, has filed the pending Motion for Summary Judgment, alleging Hyperion is not an insurance company, is a holding company, was not involved in the placement of the insurance policy at issue, and is not involved in the insurance claims under the LOL policy [Doc. No. 59, Exh. A Declaration of Sarah Bramley].

IFG opposes Hyperion's Motion for Summary Judgment, arguing that the dismissal of Hyperion at this stage would be premature because discovery has not been completed, and/or that Hyperion's Motion for Summary Judgment should be denied because correspondence and emails provided through discovery show that Hyperion acted as a wholesale/placing broker in connection with the LOL policy issued to IFG. IFG argues Hyperion had at least some knowledge of and was in some way in the placing of the LOL policy at issue. In its Reply, Hyperion attaches a Supplemental Declaration of Sarah Bramley [Doc. No. 67, Exh. D] which explains Hyperion's involvement with the LOL policy. In the Supplemental Declaration, Bramley explains that the persons involved in the emails cited by IFG were not direct employees or representatives of Hyperion.[1] Bramley additionally explains the reasons for the email addresses. Bramley declares Hyperion was not included in the placing of the LOL policy, is not

---

[1] During October 2020, Hyperion was renamed Howden Group Holdings Limited, but will still be referred to as Hyperion in this ruling.

an insurance company that insured IFG, was not involved in placing the LOL policy at issue and is not involved in LOL's claim process on the LOL policy.

## II.     LAW AND ANALYSIS

IFG is requesting to delay ruling on Hyperion's Motion for Summary Judgment until more discovery is conducted and alternatively, to deny Hyperion's Motion for Summary Judgment. The Court will first address IFG's prematurity argument.

### A.     Federal Rule of Civil Procedure 56(d)

Federal Rule of Civil Procedure 56(d) provides for the denial or the continuance of motions for summary judgment when sufficient discovery has not occurred:

> **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
>> (1) defer considering the motion or deny it.
>> (2) allow time to obtain affidavits or declarations or to take discovery; or
>> (3) issue any other appropriate order.

Under this Rule, motions for summary judgment must be "refused where the nonmoving party has not had the opportunity to discover information that is essential to its opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250. n 5 (1986). To justify a denial or continuance under Rule 56(d), the party requesting a denial or continuance must submit a declaration or affidavit demonstrating why the party needs additional discovery and how the discovery will likely create a genuine issue of material fact. *Stearns v. Airport Equipment Co., Inc. v. FMC Corp.,* 170 F.3d 518, 535 (5th Cir. 1999).

Summary judgment is usually premature unless parties have had a full opportunity to conduct discovery. *Reeves v. Mancuso*, 2019 WL 4302129 (W.D. La. Sept. 10, 2019). Rule

56(d) is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose. They are also broadly favored and should be liberally granted. *Ruby v. Livingston*. 600 F.3d 552 (5th Cir. 2010).

No declaration or affidavit has been submitted demonstrating why IFG needs additional discovery and how the discovery will likely create a genuine issue of material fact.

It is clear from the pleadings filed in this matter that Hyperion is not alleged to be an insurance carrier but is alleged to be a broker that participated in the claim or acted as representatives of LOL and/or Underwriters. As will be further discussed herein, there are no allegations tending to show how a broker who is alleged to be a representative of and/or participated in the claim of an insurer could be held liable for a fire and/or explosion that is alleged to be under the coverage of the insurer's insurance policy.

In other words, even if IFG engages in additional discovery, and obtains information that shows that Hyperion was involved in the claims process and/or acted as representatives of LOL, how would that result in potential liability to an insurance broker?

For the above reasons, IFG's request to delay ruling on Hyperion's Motion for Summary Judgment in accordance with Federal Rule of Civil Procedure 56(d) is DENIED.

    **B.**    **Motion for Summary Judgment**

The Court will now address Hyperion's Motion for Summary Judgment.

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.* "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc*., 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,'

summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson,* 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322-23.  This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

IFG's allegations against Hyperion are that it (along with other brokers) should have participated in the claim at issue, and/or acted as representatives of LOL and/or Underwriters.  This Court is unaware of any liability or fault that could result to Hyperion even if the allegations alleged were all true.

IFG is asking for damages as result of a policy of insurance issued by LOL and/or Underwriters.  Hyperion is not alleged to be the insurer or alleged to have engaged in acts which somehow damaged IFG.  According to the Declaration of Sarah Bramley [Doc. No. 59, Exh. A] and the Supplemental Declaration of Sarah Bramley [Doc. No. 67, Exh. D], Hyperion is not licensed to conduct and does not conduct insurance related business or activities in Louisiana.  Hyperion was not involved with and has no knowledge of the placement of the Marine Cargo Insurance Policy issued by LOL and/or Underwriters, and has no knowledge of and is not involved in any way with the insurance claims of IFG with regard to the June 28, 2018 fire and explosion, which occurred at the IFG facility.  Additionally, Hyperion is a holding company for another alleged broker in this proceeding, RKH.

There are simply no material issues of fact that result in liability on the part of Hyperion to IFG. No statutory violation, or no jurisprudential theory has been alleged by IFG. There are no legal grounds to hold Hyperion in this proceeding.

### III.   CONCLUSION

For the reasons set forth herein, Hyperion's Motion for Summary Judgment [Doc. No. 59] is GRANTED.

MONROE, LOUISIANA this 12th day of April, 2021.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE