UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

**IFG PORT HOLDINGS, LLC**          **CIVIL ACTION NO. 2:19-CV-00835**

**VERSUS**                          **JUDGE TERRY A. DOUGHTY**

**UNDERWRITERS AT LLOYDS, et al**   **MAG. JUDGE KATHLEEN KAY**

### MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment [Doc. No. 85], filed by Defendant RKH Specialty Limited ("RKH"). An Opposition [Doc. No. 96] was filed by Plaintiff IFG Port Holdings, LLC ("IFG") on May 25, 2021, and a Reply [Doc. No. 99] was filed by RKH on June 1, 2021.

For the reasons set forth herein, RKH's Motion for Summary Judgment is GRANTED.

**I.     BACKGROUND**

On June 28, 2019, IFG filed a Complaint [Doc. No. 1] against Underwriters at Lloyds, London ("LOL) RKH, R-T Specialty, LLC ("RTS") and Hyperion Insurance Group ("Hyperion"). IFG amended the Complaint by a First Amended Complaint [Doc. No. 53] on January 13, 2021. In the First Amended Complaint, more detailed allegations were made against the four Defendants, and additional Defendants alleged to be underwriters ("Underwriters") to the LOL policy of insurance were also named.

IFG operates and maintains an export grain terminal at the Port of Lake Charles in Lake Charles, Louisiana, known as the IFG Export Grain Terminal ("Terminal"). This is a suit for damages as a result of a fire and explosion on June 28, 2018. The fire allegedly caused damage to stock, which included soybeans, wheat, and corn.

IFG alleged that LOL wrote a policy of insurance, which provided coverage for losses by IFG to stock at the IFG Terminal. Additionally, IFG alleged that RKH, RTS and Hyperion were Brokers with regard to the LOL policy of insurance. IFG further alleged that Brokers were named as defendants herein to the extent they participated, or should have participated, in the claims at issue, and/or acted as representatives of LOL and/or underwriters. Additionally, IFG alleged LOL, Underwriters and/or Brokers were liable for penalties pursuant to La. R.S. 22:1973 and penalties and attorney fees pursuant to La. R.S. 22:1892.

The Defendant Hyperion was previously dismissed pursuant to Memorandum Ruling [Doc. No. 74] and Judgment [Doc. No. 75] on April 13, 2021.

In RKH's Motion for Summary Judgment, RKH maintains it has been named as a broker, that it is not an "insurer" under Louisiana law, and therefore, it is not liable under the allegations made by IFG as a broker, or pursuant to La. R.S. 22:1973 or 22:1892. RKH also attaches the Declaration of Lindsay Collins [Doc. No. 85-3], the Declaration of Andrew Hall [Doc. No. 85-4], and the Declaration of David Burch [Doc. No. 85-5].

In Opposition, IFG argues it has alleged four claims against RKH under R.S. 22:1973, R.S. 22:1892, and under New York law for breach of contractual covenants of good faith and fair dealing, and for unfair practices under General Business Law, Section 349. Additionally, IFG argues that discovery is not complete, and this Motion for Summary Judgment is premature.

In Reply, RKH argues New York law does not apply and it has no liability under R.S. 22:1973 or under R.S. 22:1892.

## II. LAW AND ANALYSIS

IFG is requesting to delay ruling on RKH's Motion for Summary Judgment until more discovery is conducted and alternatively, to deny RKH's Motion for Summary Judgment. The Court will first address IFG's prematurity argument.

### A. Federal Rule of Civil Procedure 56(d)

Federal Rule of Civil Procedure 56(d) provides for the denial or the continuance of motions for summary judgment when sufficient discovery has not occurred:

> **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it.
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Under this Rule, motions for summary judgment must be "refused where the nonmoving party has not had the opportunity to discover information that is essential to its opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250. n 5 (1986). To justify a denial or continuance under Rule 56(d), the party requesting a denial or continuance must submit a declaration or affidavit demonstrating why the party needs additional discovery and how the discovery will likely create a genuine issue of material fact. *Stearns v. Airport Equipment Co., Inc. v. FMC Corp.,* 170 F.3d 518, 535 (5th Cir. 1999).

Summary judgment is usually premature unless parties have had a full opportunity to conduct discovery. *Reeves v. Mancuso*, 2019 WL 4302129 (W.D. La. Sept. 10, 2019). Rule 56(d) is designed to safeguard non-moving parties from summary judgment motions that they

cannot adequately oppose. They are also broadly favored and should be liberally granted. *Ruby v. Livingston*. 600 F.3d 552 (5th Cir. 2010).

No declaration or affidavit has been submitted demonstrating why IFG needs additional discovery and how the discovery will likely create a genuine issue of material fact. The Complaint was filed on June 28, 2019, so this case is almost two years old.

This is a claim for insurance proceeds for damage to IFG, the insured, under a policy of insurance IFG had with LOL. RKH is alleged to be a broker, not an insurance carrier. As will be discussed further herein, there are no allegations by IFG which would result in liability on RKH, as an alleged broker. So, even if additional discovery was completed, there is nothing alleged that would result in the potential liability of RKH.

Therefore, IFG's request to delay ruling on the Motion for Summary Judgment is DENIED.

**B.     Motion for Summary Judgment**

The Court will now address RKH's Motion for Summary Judgment.

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.* "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc*., 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co*., 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson,* 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322-

23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

In IFG's First Amended Complaint [Doc. No. 53], IFG alleged four claims against RKH, two under New York law, and two under Louisiana law.

### 1. New York Claims

IFG alleges two claims against RKH under New York law, breach of contractual covenants of good faith and fair dealing, and for unfair practices under General Business Law, Section 349. IFG does not explain why New York law would apply in this case. The fire and/or explosion occurred in Louisiana and the suit was filed in Louisiana. The LOL policy [Doc. No. 85-5, Exh. A, Page 16] has a choice of law provision which chooses New York law. However, RKH is not a party to that contract and therefore, not bound by this choice of law provision.

This Court believes that Louisiana law, not New York law, applies to IFG's claims against RKH.

### 2. Louisiana Claims

IFG makes claims against RKH under R.S. 22:1973 and under R.S. 22:1892. Neither of these apply against RKH. R.S. 22:1892 and R.S. 22:1973 only apply to "insurers". The general definition of "insurer" in R.S. 22:46(10) does not include an insurance broker.

IFG additionally argues it has plead a breach of fiduciary duty against RKH in paragraph 14 of the First Amended Complaint, which reads as follows:

> The "Brokers" are named as defendants herein to the extent they participated, or should have participated, in the claims at issue herein, and/or acted as representatives of LOL and/or Underwriters.

IFG argues that this language alleges a claim against RKH as a breach of fiduciary duty. It does not allege a fiduciary breach, but even if this language were broad enough to allege a breach of fiduciary duty, there is no allegation of any fault or neglect on RKH's part, which would result in any liability for a breach of fiduciary duty.[1] The only way a broker is liable for breach of fiduciary duty is through some fault or negligence. The alleged problem in this case is that LOL (the insurer) and Underwriters have not paid the claim under the terms of the policy. There is no alleged fault on the part of RKH for LOL and/or Underwriter's failure to pay the claim. RKH has not been alleged to have committed any fault or negligence that damaged IFG.

For the above reasons, RKH's Motion for Summary Judgment is GRANTED.

## III. CONCLUSION

For the reasons set forth herein, RKH's Motion for Summary Judgment [Doc. No. 85] is GRANTED.

MONROE, LOUISIANA this 24th day of June 2021.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[1] *Allied Bldg. Stores, Inc. v. Continental Casualty Co.,* 2010 WL 3896502 (Sept. 29, 2010).