UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **IFG PORT HOLDINGS, LLC** | **CIVIL ACTION NO. 2:19-CV-00835** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **UNDERWRITERS AT LLOYDS, et al** | **MAG. JUDGE KATHLEEN KAY** |

**MEMORANDUM RULING**

Before the Court is a Motion for Partial Summary Judgment [Doc. No. 97], filed by Plaintiff IFG Port Holdings, LLC ("IFG") on May 27, 2021, on the issue of coverage. An Opposition [Doc. No. 103] was filed by Defendant Underwriters at Lloyd's, London Subscribing to Policy Designated B0180PCF183293 Bearing Policy No. B0180QPC1801898 ("Underwriters"), on June 17, 2021. A Reply [Doc. No. 104] was filed by IFG on June 21, 2021.

For the reasons set forth herein, IFG's Motion for Partial Summary Judgment is GRANTED.

**I.     BACKGROUND**

On June 28, 2019, IFG filed a Complaint [Doc. No. 1] against Underwriters at Lloyds, London ("LOL"), RKH Specialty Limited ("RKH"), R-T Specialty, LLC ("RTS") and Hyperion Insurance Group ("Hyperion"). IFG amended the Complaint by filing a First Amended Complaint [Doc. No. 53] on January 13, 2021. In the First Amended Complaint, more detailed allegations were made against the four Defendants, and additional Defendants alleged to be Underwriters ("Underwriters") to the LOL policy of insurance were also named.

IFG operates and maintains an export grain terminal at the Port of Lake Charles in Lake Charles, Louisiana, known as the IFG Export Grain Terminal ("Terminal"). This is a suit for

damages as a result of a fire and explosion on June 28, 2018. The fire allegedly caused damage to stock, which included soybeans, wheat, and corn.

In IFG's Motion for Partial Summary Judgment, IFG argues it is entitled to a partial summary judgment because there is coverage under the Underwriter's policy of insurance. A certified copy of the Underwriter's policy is attached to IFG's motion as [Doc. No. 97-3, Exh. A]. IFG maintains there is coverage for the soybeans in Silo 5 and damages to wheat and corn stored in Silos C2-C8 due to a fire and/or explosion, which occurred on June 28, 2018 at IFG's export grain terminal in Lake Charles, Louisiana.

In opposition, Underwriters argues IFG's motion should be denied because there is a question of fact as to whether the damage resulted from an "external cause."[1] Underwriters also maintains that IFG's motion is premature under Federal Rules of Civil Procedure 56(d).

In it's Reply, IFG maintains that even if there were an issue of fact of whether the damage resulted from an "external cause," there is still coverage independently under Clause 6 of the American Cargo Institute Clauses 32B-2, which provides coverage for the risk of "explosion."

## II.  LAW AND ANALYSIS

### A.  Federal Rule of Civil Procedure 56(d)

Federal Rule of Civil Procedure 56(d) provides for the denial or the continuance of motions for summary judgment when sufficient discovery has not occurred:

> **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

---

[1] Under Clause 3, as amended, under the American Cargo Institute Claim 32B,2

(1) defer considering the motion or deny it.

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Under this Rule, motions for summary judgment must be "refused where the nonmoving party has not had the opportunity to discover information that is essential to its opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250. n 5 (1986). To justify a denial or continuance under Rule 56(d), the party requesting a denial or continuance must submit a declaration or affidavit demonstrating why the party needs additional discovery and how the discovery will likely create a genuine issue of material fact. *Stearns v. Airport Equipment Co., Inc. v. FMC Corp.,* 170 F.3d 518, 535 (5th Cir. 1999).

Summary judgment is usually premature unless parties have had a full opportunity to conduct discovery. *Reeves v. Mancuso*, 2019 WL 4302129 (W.D. La. Sept. 10, 2019). Rule 56(d) is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose. They are also broadly favored and should be liberally granted. *Ruby v. Livingston*. 600 F.3d 552 (5th Cir. 2010).

A Declaration of James A. Saville, Jr. [Doc. No. 103-1] is attached, which alleges that additional information is required through discovery to defend and/or respond to IFG's motion. Specifically, Underwriters maintains it needs the following:

1. Ownership of the damaged cargo (to determine whether there is "other insurance" that may apply);
2. Information to determine whether there was an "external cause," which will create a material issue of fact;
3. The parties' intent to determine whether the risk of explosion, absent external cause, was intended to be covered under the Underwriter's policy; and
4. Whether and to what extent the soybeans, wheat and corn cargos were damaged by explosion.

The Complaint in this case was filed on June 28, 2019, almost two years ago. In its motion, IFG is asking for a determination of coverage, not damages. No. 1 and No. 4 above deal with damages, not coverage. No. 3 is irrelevant unless the terms of the policy are ambiguous.[2] No. 2 is also irrelevant because in IFG's motion, it is maintaining the policy provides coverage pursuant to Clause 6, not Clause 3.

Therefore, IFG's motion can be determined without the need for additional discovery. Underwriters' request to delay ruling on IFG's Motion for Partial Summary Judgment is DENIED.

### B. Summary Judgment Standard

The Court will now address IFG's Motion for Partial Summary Judgment.

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact

---

[2] This Court finds the terms of the Underwriter's policy is not ambiguous.

by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.* "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc*., 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co*., 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson,* 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

**C. Summary Judgment Analysis**

In its motion, IFG argues that even if (as Underwriters claims) there is a question of fact as to whether the damage was due to an "external cause," there is independent coverage under Clause 6, American Institute Cargo Clauses 32B-10, for the risk of explosion.

The Underwriters' policy [Doc. No. 97-3, Exh. A] provides Marine Cargo Insurance to IFG from June 17, 2018 to June 16, 2019. The alleged explosion/fire on June 28, 2018 was within the term of the Underwriters' policy.

The subject matter insured is defined under the Underwriters' policy as follows:

> All interests of every description consisting principally of but not limited to grain and/or rice and/or wheat and/or soybeans and/or corn and/or all other interests handled by the insured during the course of their business or in their care, custody or control.

*Id*.

Therefore, alleged damage to soybeans, wheat and corn stored in silos at the IFG facility in Lake Charles, Louisiana, would be the subject matter insured under the Underwriters' policy.

The limits of liability (for storage) is $20,000,000. The term "occurrence" is defined as follows, "Except as hereinafter defined, 'occurrence' shall mean an accident or occurrence or series of accidents or occurrences arising out of one event."

Under the "Conditions" portion of the Underwriters' policy the policy states that the policy is subject to American Institute Cargo Clauses 32B-10 (Sept. 1, 1965), but with Clause No. 3 deleted and replaced as follows "Against all risks of physical loss or damage to the subject-matter insured from any external cause."

A Choice of Law provision in the policy lists the proper and exclusive law of this insurance shall be New York law.

The policy is subject to American Institute Cargo Clauses 32B-10 (Sept. 1, 1965.)[3] IFG maintains there is coverage under Clause 6, which reads as follows:

> 6. Notwithstanding any average warranty contained herein.
> A. Where this insurance by its terms covers while on docks, wharves, or elsewhere on shore, and/or during land transportation, it shall include the risks of collision, derailment, overturning or other accident to the conveyance, fire, lightning, sprinkler leakage, cyclones, hurricanes, earthquakes, floods (meaning the rising of navigable waters), and/or collapse or subsidence of docks or wharves.
>
> B. This insurance includes the risk of explosion howsoever or wheresoever occurring during the currency of this insurance unless excluded by the F.C.&S. Warranty or the S.R.&C.C. Warranty set forth herein.[4]

*Id*.

In its opposition, Underwriters argues IFG's motion should be denied because there are material issues of fact regarding coverage as to whether the damage was from an "external cause" under Clause 3. Underwriters attaches a report from Forensic Investigations Group, LLC [Doc. No. 103-1], which found (in the opinion of Richard W. Jones, Jr.) ("Jones"), that the June 28, 2018, fire that resulted in damage to the property located at IFG Grain Terminal originated within the soybeans in Silo C-5. Jones believes the cause of the fire was self-heating within the soybeans, which brought the soybeans to ignition temperature, subsequently resulting in a combustion explosion that blew the top off the silo.

Whether the self-heating within the soybeans that resulted in an explosion in the silo is an "external cause" is a material issue of fact which would result in the denial of a motion for summary judgment as to this issue. However, IFG does not ask for summary judgment as to Clause 3 but asks for summary judgment of coverage under Clause 6.

---

[3] With the exception of Clause 3, as amended.
[4] Neither the F.C.&S. Warranty nor the S.R.&C.C. Warranty applies to this case.

7

The Choice of Law provision in the policy states New York law applies. Under federal maritime choice of law rules, contractual choice of law provisions are generally recognized as valid and enforceable in the absence of evidence that its enforcement would be unreasonable or unjust. *Great Lakes Reinsurance (UK) PLC v. Durham Auctions Inc.*, 585 F.3d 236, 242 (5th Cir. 2009). IFG has not argued or provided evidence that the application of New York law would be unreasonable or unjust. Even though the accident occurred in Louisiana, IFG's principal address in the policy is in New York, New York. Therefore, New York law applies to the issues between IFG and Underwriters.

However, under either New York or Louisiana law, the language in the policy itself controls, unless ambiguous. An insurer wishing to exclude certain coverage from its policy obligations must do so in clear, unmistakable language. *D.B. Orban Canada, Inc. v. New York Marine Rangers, Inc.*, 765 F. Supp. 140 (S.D. N.Y. 1991).

The policy is governed by American Institute Cargo Clause 32B-10 (Sept. 1, 1965). Underwriters' deletion and replacement of Clause 3 specifically only deletes and replaces Clause 3. This means that the other clauses in the American Institute Cargo Clause, 32B-10 remain in effect, despite the amendment and deletion of Clause 3.

The applicable portion of Clause 6 clearly states that where the insurance covers property on shore, it shall include the risks of fire. The policy also states it includes the risk of explosion. Nothing in the policy itself excludes either fire or explosion.

Despite the lack of any language in the policy requiring fire or explosion to be covered by an "external cause," Underwriters argues the policy definition of "occurrence" requires that damage caused by fire or explosion be due to an "external cause." The only definition of "occurrence" in the Underwriter's policy is found on page 2 of the policy, which defines

"occurrence" as follows. The term "occurrence" is defined as follows "1) Except as hereinafter defined, 'occurrence' shall mean an accident or occurrence or series of accidents or occurrences arising out of one event."

The term "accident" is not defined in the policy, but an accident is covered under the definition of occurrence. Neither definition requires a "fortuitous event." In an effort to extend Clause 3's requirement of an "external cause" to all other clauses of the contract, Underwriters cites cases holding that the plaintiff must show the damage to the insured's property was caused by a "fortuitous" event within the meaning of the policy.[5] Underwriters further argues that New York courts have construed the term "fortuitous event" to mean an event "happening by chance or accident."[6] Therefore, Underwriters argues that their policy requires a "fortuitous event" to occur for there to be coverage. Further, Underwriters argues the requirement of a "fortuitous event" also means the loss must be caused through an "external cause."

This Court believes the Underwriters policy provides coverage. Even if a "fortuitous event" were specifically required by the policy, certainly soybeans self-starting, catching fire and causing an explosion to silo 5, which in turn caused damage to other silos and contents, would be a fortuitous event and/or an accident. There is certainly no evidence that it was intentional.

If Underwriters intended for there to be an external cause for a fire or an explosion, that should have been specifically stated in the Underwriters' policy. It was only required in Clause 3. Therefore, the Underwriter's policy provides coverage to IFG.

## III. CONCLUSION

For the reasons set forth herein, IFG's Motion for Partial Summary Judgment [Doc. No. 97] is GRANTED.

---

[5] There is no definition of "fortuitous event" in the Underwriter's policy.
[6] 80 Broad Street Co. v. United States Fire Ins. Co. 389 N.Y.S. 2d 214 (N.Y. Sup. Ct. 1975).

MONROE, LOUISIANA this 25th day of June 2021.

                                                    TERRY A. DOUGHTY
                                                    UNITED STATES DISTRICT JUDGE