UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| IFG PORT HOLDINGS, LLC | CIVIL ACTION NO. 2:19-CV-00835 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| UNDERWRITERS AT LLOYDS, et al | MAG. JUDGE KATHLEEN KAY |

RULING

Pending here is a Motion for Summary Judgment [Doc. No. 110] filed by Defendant R-T Specialty, LLC ("RTS"). An opposition was filed by Plaintiff IFG Port Holdings, LLC ("IFG") [Doc. No. 114]. RTS filed a reply to the opposition [Doc. No. 115].

For the reasons set forth herein, RTS's Motion for Summary Judgment is GRANTED, and IFG's claims against RTS are DISMISSED WITH PREJUDICE.

I.  FACTS AND PROCEDURAL BACKGROUND

This is a suit to recover sums allegedly due under a policy of insurance. IFG operates and maintains an export grain terminal at the Port of Lake Charles in Lake Charles, Louisiana, known as the IFG Export Grain Terminal ("Terminal"). A fire and explosion on June 28, 2018, allegedly caused damage to stock, which included soybeans, wheat, and corn.

On June 28, 2019, IFG filed a Complaint [Doc. No. 1] against Underwriters at Lloyds, London ("LOL), RKH Specialty Limited ("RKH"), RTS, and Hyperion Insurance Group ("Hyperion"). IFG amended the Complaint by a First Amended Complaint [Doc. No. 53] on January 13, 2021. In the First Amended Complaint, more detailed allegations were made against the four Defendants, and additional Defendants alleged to be underwriters ("Underwriters") were also named.

IFG alleged that LOL wrote a policy of insurance, which provided coverage for losses by IFG to the stock at the IFG Terminal. Additionally, IFG alleged that RKH, RTS, and Hyperion were Brokers with regard to the LOL policy of insurance. IFG further alleged that the Brokers were named as defendants to the extent they participated, or should have participated, in the claims at issue, and/or acted as representatives of LOL and/or Underwriters.

Relevant to the instant motion, IFG made two alternate sets of allegations [Doc. No. 53]. First, if New York law applies, IFG claims that all Defendants are liable for (1) breaching the "contractual covenants of good faith and fair dealing" by unreasonably avoiding, denying, or delaying resolution of the claim, and (2) violating General Business Law Section 349 by engaging in consumer-oriented deceptive and misleading practices, including avoiding and inordinately delaying settlement of significant loss claims. Alternatively, if Louisiana law applies, IFG claims that all Defendants are liable (1) under LA. REV. STAT. 22:1973 for breach of the duty to adjust claims fairly and promptly and to make a reasonable offer to settle claims, and (2) under LA. REV. STAT 22:1892 for failure to pay the claim within 30 days of receiving satisfactory proof of loss.

All claims against Defendant Hyperion were dismissed pursuant to the Court's Ruling and Judgment granting Hyperion's Motion for Summary Judgment on April 13, 2021 [Doc. Nos. 74, 75].

All claims against Defendant RKH were dismissed pursuant to the Court's Ruling and Judgment granting RKH's Motion for Summary Judgment on June 24, 2021 [Doc. Nos. 105, 106].

In the pending motion, RTS contends that it is entitled to judgment as a matter of law dismissing all claims against it primarily for the same reasons alleged by RKH in its Motion for Summary Judgment, i.e., RTS maintains New York law does not apply, and that the Louisiana law claims could not apply to it because it is a broker and not an insurer [Doc No. 110-2].

In opposition, IFG argues that discovery is not complete and that a Ruling on this Motion for Summary Judgment should, therefore, be delayed. Alternatively, IFG argues that, although RTS was a broker and not an insurer, RTS was involved not only in the placing of the policy but also in the handling of IFG's claim and, therefore, could be liable under New York and Louisiana law for breach of a fiduciary duty.

The issues are fully briefed, and the Court is prepared to rule.

## II.     LAW AND ANALYSIS

The Court will first address IFG's request for a delay until more discovery is conducted.

### A.     Request for a Delay under Rule 56(d)

Federal Rule of Civil Procedure 56(d) provides for the denial or the continuance of motions for summary judgment when sufficient discovery has not occurred:

> **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it.
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Under this Rule, motions for summary judgment must be "refused where the nonmoving party has not had the opportunity to discover information that is essential to its opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250. n 5 (1986). To justify a denial or continuance under Rule 56(d), the party requesting a denial or continuance must submit a declaration or affidavit demonstrating why the party needs additional discovery and how the discovery will likely create a genuine issue of material fact. *Stearns v. Airport Equipment Co., Inc. v. FMC Corp.,* 170 F.3d 518, 535 (5th Cir. 1999).

3

Summary judgment is usually premature unless parties have had a full opportunity to conduct discovery. *Reeves v. Mancuso*, 2019 WL 4302129 (W.D. La. Sept. 10, 2019). Rule 56(d) is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose. They are also broadly favored and should be liberally granted. *Ruby v. Livingston*. 600 F.3d 552 (5th Cir. 2010).

IFG contends that further discovery may reveal additional facts which establish the liability of RTS. However, IFG does not specify what those facts could be, nor does IFG specify how additional discovery will likely create a genuine issue of material fact. Additionally, IFG has failed to submit an affidavit or declaration, as required by Rule 56(d), demonstrating why IFG needs additional discovery. The Court also notes that the original Complaint was filed on June 28, 2019, and IFG has had more than two (2) years in which to conduct discovery.

The Court finds that IFG has failed to procedurally and substantively satisfy its burden of proving that summary judgment with respect to RTS is premature.

Therefore, IFG's request that the Court delay ruling on the Motion for Summary Judgment pending further discovery is **DENIED**.

**B.    Motion for Summary Judgment**

The Court will now address the merits of RTS's Motion for Summary Judgment.

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.* "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson,* 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

IFG is alleging claims against RTS under New York and Louisiana law. The Court will address each in turn.

### 1. New York Claims

IFG alleges claims against RTS under New York law for breach of contractual covenants of good faith and fair dealing and for unfair practices under General Business Law, Section 349. IFG asserts that New York law should apply because RTS admitted to having placed the policy, and the policy includes a New York choice-of-law provision. However, IFG offers no legal support for its position. Further, it is undisputed that RTS is not a party to the subject policy; therefore, RTS is not bound by the choice of law provision.

Finally, the fire and/or explosion occurred in Louisiana and the suit was filed in Louisiana. The Court therefore finds that Louisiana law, not New York law, applies to IFG's claims against RTS.

### 2. Louisiana Claims

IFG makes claims against RTS under LA. REV. STAT. 22:1973 and LA. REV. STAT. 22:1892. However, neither of these statutes apply against RTS, because they apply only to "insurers." The general definition of "insurer" in LA. REV. STAT. 22:46(10) does not include an insurance broker. Therefore, RTS has no liability under these statutory provisions.

IFG additionally contends that RTS handled the subject claim and, therefore, had a fiduciary duty to IFG. IFG asserts that RTS is liable for any fault or neglect in handling the subject claim, which IFG can ultimately show in this suit. However, IFG has failed to allege any actual fault or negligence on the part of RTS. IFG has alleged fault on the part of Underwriters for failing to pay the claim and for alleged mishandling of the claim; however, IFG has failed to show how RTS was at fault.

RTS, on the other hand, has produced the declaration of John Owens [Doc. No. 110-3], which establishes that RTS had no decision-making, or recommendation-making, authority in the handling of the subject claim. IFG has presented no competent summary judgment evidence to the contrary. Although IFG asserts that John Owens' declaration establishes that RTS played a role in transmitting communications regarding the claim, IFG has failed to show how transmitting communications can impose liability on an insurance broker such as RTS.

The Court finds that IFG has failed to carry its burden of establishing a genuine issue of material fact for trial, and that IFG has failed to show how it will be able to meet its burden of proof at trial.

## III. CONCLUSION

For the reasons set forth herein, RTS's Motion for Summary Judgment [Doc. No. 110] is **GRANTED**, and Plaintiff's claims against RTS are **DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA this 9th day of August, 2021.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE