UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **IFG PORT HOLDINGS, LLC** | **CIVIL ACTION NO. 2:19-CV-00835** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **UNDERWRITERS AT LLOYDS, et al** | **MAG. JUDGE KATHLEEN KAY** |

**RULING**

Pending here **is** a Motion for Partial Summary Judgment [Doc. No. 123] filed by Defendant Certain Underwriters at Lloyd's ("Underwriters") in which it seeks judgment as a matter of law dismissing all Louisiana law claims against it. An opposition was filed by Plaintiff IFG Port Holdings, LLC ("IFG") [Doc. No. 125]. Underwriters filed a reply to the opposition [Doc. No. 130].

For the reasons set forth herein, Underwriters' Motion for Partial Summary Judgment is DENIED.

**I.     FACTS AND PROCEDURAL BACKGROUND**

This is a suit filed by IFG to recover sums allegedly due under a policy of insurance issued by Underwriters. Although IFG's principal place of business is located in New York, IFG operates and maintains an export grain terminal at the Port of Lake Charles in Lake Charles, Louisiana, known as the IFG Export Grain Terminal ("Terminal"). An explosion and fire at the Terminal on June 28, 2018, allegedly caused damage to stock, which included soybeans, wheat, and corn.

On June 28, 2019, IFG filed a Complaint [Doc. No. 1] against Underwriters, RKH Specialty Limited ("RKH"), R-T Specialty LLC ("RTS"), and Hyperion Insurance Group ("Hyperion"). IFG amended the Complaint by a First Amended Complaint [Doc. No. 53] on

January 13, 2021.  In the First Amended Complaint, more detailed allegations were made against the four Defendants, and additional Defendants alleged to be underwriters were also named.

IFG alleged that Underwriters wrote a policy of insurance which provided coverage for the losses suffered by IFG as a result of the explosion and fire at the Terminal.  Additionally, IFG alleged that RKH, RTS, and Hyperion were Brokers with regard to the LOL policy of insurance. IFG alleged that the Brokers were named as defendants to the extent they participated, or should have participated, in the claims at issue, and/or acted as representatives of Underwriters.

IFG pled two alternative sets of bad faith claims, depending on whether New York or Louisiana law applies [Doc. No. 53]. First, assuming New York law applies, IFG claimed that all Defendants are liable for (1) breaching the "contractual covenants of good faith and fair dealing" by unreasonably avoiding, denying, or delaying resolution of the claim, and (2) violating General Business Law Section 349 by engaging in consumer-oriented deceptive and misleading practices, including avoiding and inordinately delaying settlement of significant loss claims.  Alternatively, assuming Louisiana law applies, IFG claimed that all Defendants are liable (1) under LA. REV. STAT. 22:1973 for breach of the duty to adjust claims fairly and promptly and to make a reasonable offer to settle claims, and (2) under LA. REV. STAT 22:1892 for failure to pay the claim within 30 days of receiving satisfactory proof of loss.

On May 27, 2021, IFG filed a Motion for Partial Summary Judgment seeking judgment as a matter of law that the policy issued by Underwriters provided coverage for all losses suffered by IFG as a result of the explosion and fire [Doc. No. 97].  This Court granted IFG's Motion, finding that Underwriters' policy provides coverage [Doc. Nos. 107, 108]. IFG asserts that, despite this Ruling, Underwriters has "yet to pay a penny to IFG for any damages resulting from the June 28, 2018 explosion." [Doc. No. 125, p. 1].

All claims against Defendants Hyperion, RKH, and RTS were dismissed pursuant to the Court's Rulings and Judgments on their respective Motions for Summary Judgment [Doc. Nos. 74, 75, 105, 106, 116, and 117].

In the pending Motion, Underwriters contends that the Court has previously made a determination that New York law applies to the issues between IFG and Underwriters and, thus, all Louisiana bad faith claims against it should be dismissed. IFG, on the other hand, contends that the Court has previously held that Louisiana law applies to IFG's bad faith claims and, thus, Underwriters' motion should be denied.

The issues are fully briefed, and the Court is prepared to rule.

## II.   LAW AND ANALYSIS

### A.   Motion for Summary Judgment

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that

the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.* "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc*., 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co*., 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson,* 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

### B. Analysis

In support of the pending Motion, Underwriters relies primarily on language in this Court's Ruling on IFG's Motion for Partial Summary Judgment [Doc. No. 107]. In its Motion, IFG contended that it was entitled to judgment as a matter of law that the policy of insurance issued by Underwriters provided coverage for all losses claimed by IFG as a result of the explosion and fire [Doc. No. 97]. Underwriters responded that the Motion should be denied because there was a question of fact as to whether the damage resulted from a cause for which coverage was excluded. This Court granted IFG's Motion, concluding that the policy did not contain language specifically stating such coverage was excluded. In so ruling, this Court stated in part:

> The Choice of Law provision in the policy states New York law applies. Under federal maritime choice of law rules, contractual choice of law provisions are generally recognized as valid and enforceable in the absence of evidence that its enforcement would be unreasonable or unjust. *Great Lakes Reinsurance (UK) PLC v. Durham Auctions Inc.,* 585 F.3d 236, 242 (5th Cir. 2009). IFG has not argued or provided evidence that the application of New York law would be unreasonable or unjust. Even though the accident occurred in Louisiana, IFG's principal address in the policy is in New York, New York. ***Therefore, New York law applies to the issues between IFG and Underwriters***.
>
> ***However, under either New York or Louisiana law, the language in the policy itself controls, unless ambiguous***. An insurer wishing to exclude certain coverage from its policy obligations must do so in clear, unmistakable language. *D.B. Orban Canada, Inc. v. New York Marine Rangers, Inc*., 765 F. Supp. 140 (S.D. N.Y. 1991).

[Doc. No. 107, p. 8] (emphasis added).

In the pending Motion, Underwriters asserts that, based upon the foregoing language, there is no issue of material fact, and IFG's claims under Louisiana law, and particularly its claims for damages, penalties, and attorneys' fees under La. Rev. Stat. 22:1973 and 22:1892 for the alleged

denial and/or bad faith bad handling of the claim must be dismissed, with prejudice, reserving, for now, IFG's claims under New York law.

IFG responds that Underwriters has mischaracterized this Court's prior Ruling regarding only the issue of coverage under the policy issued by Underwriters to IFG. IFG argues there is nothing in the prior Ruling, which only discusses a New York choice-of-law provision in the policy to determine whether New York law applies to the issue of coverage as to Underwriters, that in any way addresses the issue of bad faith claims against Underwriters.

IFG further asserts this Court has previously held that Louisiana law applies to IFG's bad faith claims. IFG states that, in deciding prior defendant RTS's Motion for Summary Judgment [Doc. No.110], this Court examined and discussed which State's law applied to the bad faith claims at issue in this lawsuit. Therein, according to IFG, this Court held that Louisiana law, not New York law, applied to the bad faith claims asserted against RTS because "the fire and/or explosion occurred in Louisiana and the suit was filed in Louisiana." [Doc. No. 116, p. 6]. IFG further asserts that despite the Court's prior finding that the policy does provide coverage for its loss, Underwriters has failed to pay a penny to IFG.

Finally, IFG asserts that Underwriters concealed throughout this claim and in litigation the existence of an Exclusionary Clause in the policy which indicated the policy covered all of IFG's claim.  IFG concludes that it is vital that Louisiana law apply here to its bad faith claim because Louisiana, unlike New York, has specific statutes authorizing insureds' private rights of action regarding claims handling by insurers.

This Court finds that neither of its prior Rulings are controlling as to the issue presently before the Court.  In the Ruling on IFG's Motion for Partial Summary Judgment [Doc. No. 107], this Court discussed the New York choice of law provision only in the context of whether the

6

policy issued by Underwriters provided coverage to IFG for its loss. The issue here is a completely different issue, i.e., whether Louisiana's bad faith statutes are applicable under the specific circumstances of this case.

On the other hand, in its Ruling that Defendant RTS was entitled to dismissal on summary judgment, this Court found that New York law did not apply in part because RTS was not a party to the subject policy, and, therefore, RTS was not bound by the choice of law provision. [Doc. No. 116, p. 6]. Here, the factual situation is different, because IFG is a party to the subject contract. After finding that RTS was not bound by the choice of law provision, this Court found, because the fire and/or explosion occurred in Louisiana and the suit was filed in Louisiana, that Louisiana law, not New York law, applied to IFG's claims against RTS. [*Id.*]

This Court then found that RTS was not liable under LA. REV. STAT. 22:1973 and LA. REV. STAT. 22:1892 because those statutes apply only to "insurers," and not brokers like RTS [Id.]. Thus, RTS had no liability under the Louisiana statutory provisions. Finally, this Court found that IFG failed to show how RTS was at fault [Id., p. 7]. Accordingly, RTS's Motion for Summary Judgment was granted.

Therefore, neither of these prior Rulings are particularly helpful to either side with regard to the pending Motion.

In its opposition to the pending Motion, IFG additionally argues there is well-settled case law holding that where an incident occurs in a State other than where an insurance policy was issued, and the litigation was filed in the State where the incident occurred, the laws of that State should be applied to bad faith claims in the litigation. Underwriters responds that the cases cited by IFG are cases where jurisdiction is based on diversity of citizenship, whereas the instant case is based on the Court's admiralty jurisdiction.

Underwriters further responds that IFG has provided no authority that Louisiana has a strong public policy that would require invalidating the parties' agreed choice of law and applying its penalty statutes to a dispute involving London-based insurers under an insurance policy delivered in New York to a New York company for damage to cargo that was temporarily located in Louisiana at the time of the loss. IFG replies that although its principal place of business is in New York, it owns the grain terminal in Lake Charles, Louisiana, where the explosion occurred, and the insurance policy was issued principally to protect the cargo at that terminal. IFG further asserts that despite the Court's prior finding that the policy does provide coverage for its loss, Underwriters has failed to pay a penny to IFG.

In *Hoopeston Canning Co. v. Cullen,* 318 U.S. 313, 316-17 (1943), the U.S. Supreme Court confirmed the following: "To insure the protection of state interests it is now recognized that a state may not be required to enforce in its own courts the terms of an insurance policy normally subject to the law of another state where such enforcement will conflict with the public policy of the state of the forum." The Supreme Court also noted therein that "a state may have substantial interests in the business of insurance of its people or property [ ... ] This interest may be measured by highly realistic considerations such as the protection of the citizen insured or the protection of the state from the incidents of loss." *Id.*

Under the factual circumstances of this case, this Court finds that Underwriters has not carried its burden of establishing that it is entitled to judgment as a matter of law. This Court is not convinced that Louisiana does not have a substantial interest in applying its penalty statutes where a London-based insurer has failed to pay the owner of a terminal in Louisiana for a loss from an explosion and fire that occurred in Louisiana and where the insurance policy was issued

8

principally to protect the cargo at that terminal. Further, as noted above, under federal maritime choice of law rules, contractual choice of law provisions are generally recognized as valid and enforceable in the absence of evidence that its enforcement would be unreasonable or unjust. Here, there is an issue as to whether enforcement of the contractual choice of law provision would be unreasonable or unjust, under the factual circumstances of this case. This is significant, particularly where, as alleged by IFG, Underwriters concealed the existence of an Exclusion Clause in its policy which clearly showed the policy covered all of IFG's losses and Underwriters has yet to pay a penny of the claim despite this Court's prior finding that coverage exists.

### III.   CONCLUSION

For the reasons set forth herein, the Motion for Partial Summary Judgment [Doc. No. 123] filed by Defendant Certain Underwriters at Lloyd's is **DENIED**.

MONROE, LOUISIANA this 22nd day of October, 2021.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE